

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-15-2006

# USA v. Brown

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2269

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Brown" (2006). *2006 Decisions.* Paper 1430.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1430

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-2269
_____



UNITED STATES OF AMERICA,

v.

RENARD BROWN,
a/k/a
NARD,
Appellant
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

District Court Judge: The Honorable Stewart Dalzell
(Criminal No. 02-00172-21)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 2, 2006

BEFORE: SLOVITER and FUENTES, Circuit Judges, and RESTANI,[*] Chief
International Trade Judge.

(March 15, 2006 )

_____

---

[*] Honorable Jane A. Restani, Chief International Trade Judge, sitting by
designation.

_____

FUENTES, <u>Circuit</u> <u>Judge</u>.

Renard Brown appeals from his conviction at trial for conspiracy to distribute cocaine and cocaine base, possession of cocaine base, and possession of cocaine base within 1000 feet of a school. Brown also appeals his sentence of 300 months in prison. Regarding his conviction, Brown argues that the District Court erred in denying his motion to sever, as well as in its instructions to the jury regarding the concept of a "buyer-seller relationship." Brown also argues that the District Court should have granted his motion for acquittal on the conspiracy charge because the government did not present evidence sufficient for a conviction. As to his sentence, Brown argues that his case should be remanded for resentencing in accordance with the Supreme Court's opinion in <u>United States v. Booker</u>, 543 U.S. 220 (2005). We reject Brown's appeal of his conviction but remand for resentencing in accordance with <u>Booker</u>.

**BACKGROUND**

I.

Because we write only for the parties, our summary of the facts is abbreviated. In October 2002, Brown was indicted along with thirty-six co-defendants for conspiracy to distribute cocaine and cocaine base. Brown was also charged with possession of cocaine base and possession of cocaine base within 1000 feet of a school. Due to the large number of defendants requesting trial, the District Court ordered the government to propose

2

groupings of five or fewer defendants for several smaller trials. The government sent a

letter to the court and all counsel proposing that the first trial consist of Brown and four

co-defendants. No defendants objected to this proposal by the appointed deadline, and the

District Court adopted it. When Brown later filed a motion for severance, the District

Court denied it as moot, and also found that Brown would not be prejudiced by the

proposed joint trial. Brown was tried in January 2004 and was convicted on all counts.

At sentencing, the District Court applied an enhancement under the Federal

Sentencing Guidelines based on a finding that Brown had been involved in a homicide,

but included a downward departure because Brown's role was not as significant as that of

other co-conspirators. The District Court calculated a guideline range of 292-365 months

and sentenced Brown to 300 months in prison.

## DISCUSSION

## I.

Brown argues that the District Court erred in denying his motion for severance. He

claims that spillover evidence related to his co-defendants was prejudicial to his case at

trial, and that he was therefore deprived of a fair trial.[1] This Court reviews the denial of a

pre-trial motion to sever for abuse of discretion. United States v. Hart, 273 F.3d 363, 369

(3d Cir. 2001). Even if a district court abuses its discretion in denying a motion to sever,

---

[1] The District Court had jurisdiction over this federal criminal case pursuant to 18 U.S.C. § 3231. This Court has jurisdiction over Brown's appeal of his conviction and sentence pursuant to 28 U.S.C. § 1291.

the defendant must show "'clear and substantial prejudice resulting in a manifestly unfair trial'" to obtain a reversal. United States v. Console, 13 F.3d 641, 655 (3d Cir. 1993) (quoting United States v. Sandini, 888 F.2d 300, 307 (3d Cir. 1989) (internal citation and emphasis omitted)).

Under Federal Rule of Criminal Procedure 8(b), two or more defendants may be charged in the same indictment if "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Generally, there is "a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). A district court may sever defendants for trial, however, if consolidation "appears to prejudice a defendant." Fed. R. Crim. P. 14(a).

Here, Brown does not discuss whether the District Court abused its discretion, but focuses instead on the issue of prejudice. He argues that a significant portion of his trial dealt with his co-defendants' relationship with Courtney Carter and James Patterson, two central figures in the conspiracy. He also states that the government emphasized Brown's co-defendants' lavish lifestyle at trial, suggesting that it was supported by drug sales, but presented no evidence that he had a similar lifestyle. In addition, he claims that there was extensive evidence presented at trial of shootings, weapons possession, and drug sales that were not tied to Brown. Brown claims that all of this evidence unrelated to his conduct inappropriately led to his conviction.

According to the government, Brown and his four co-defendants were joined for

trial because they all sold drugs at the same critical drug distribution location and shared the same individual as their source for drugs. The government also contends that these five defendants were involved in nearly all of the acts of violence committed by the conspiracy. Based on this connection between the defendants, the District Court did not abuse its discretion in denying Brown's pre-trial motion for severance. Cf. United States v. Gorecki, 813 F.2d 40, 42 (3d Cir. 1987) (suggesting that charges may be joined at trial where they are "sufficiently connected logically or temporally").

Regardless, Brown has not established prejudice. The fact that not all of the government's evidence at trial was directly tied to Brown does not in itself imply prejudice. See United States v. Eufrasio, 935 F.2d 553, 568 (3d Cir. 1991) ("Prejudice should not be found in a joint trial just because all evidence adduced is not germane to all counts against each defendant."). In addition, because the defendants were charged with conspiracy, acts committed by one in furtherance of the conspiracy were relevant and admissible against another. Hart, 273 F.3d at 370. Moreover, the government did present evidence tying Brown to the actions of his co-defendants, including a homicide, and also presented evidence that he was the co-lessee of an apartment where weapons and ammunition were kept. Thus, Brown's claim based on the District Court's denial of his motion to sever must fail.[2]

---

[2] Brown's claim that the jury failed to distinguish between the different defendants and various pieces of evidence at trial is also weakened by the fact that two of Brown's co-defendants at trial were acquitted of certain charges.

## II.

Brown also contends that the District Court did not properly instruct the jury about the possibility that a "buyer-seller relationship," rather than a conspiracy, existed between Brown and his co-defendants. There is no evidence that Brown objected on this basis at trial, and we therefore review the instructions for plain error. United States v. Guadalupe, 402 F.3d 409, 410 n.1 (3d Cir. 2005). Under that standard, "'before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" United States v. Vazquez, 271 F.3d 93, 99 (3d Cir. 2001) (quoting Johnson v. United States, 520 U.S. 461, 466-67 (1997)).

Brown asserts that his central defense at trial was that he was not part of a conspiracy with his co-defendants, but that instead he had only a buyer-seller relationship with them. Under the precedent of this Circuit, "a simple buyer-seller relationship, without any prior or contemporaneous understanding beyond the sales agreement itself, is insufficient to establish that the buyer was a member of the seller's conspiracy." United States v. Gibbs, 190 F.3d 188, 197 (3d Cir. 1999). Brown argues that he was entitled to a detailed instruction on this principle.

In its instructions to the jury, the District Court stated:

With respect to evidence regarding buyer-seller relationship, the existence

of such a relationship is not by itself proof that one is a conspirator in a drug conspiracy, but such a relationship may be considered in conjunction with other evidence to prove that one is indeed such a conspirator.

Brown does not contend that this instruction was inaccurate, but suggests that the District Court should have provided more detail. This claim is meritless. In addition to the above instruction, the District Court also properly described the knowledge requirement in a conspiracy charge. The Court told the jury that to obtain a guilty verdict as to conspiracy, the government must prove both "the conspiracy, agreement or understanding to distribute mixtures or substances containing detectable amounts of cocaine or cocaine base" and that "the defendant knew the purpose of the agreement and deliberately joined it with the intent to further its unlawful purpose." The District Court also gave the following instruction:

> Now, merely associating with others and discussing common goals, mere similarity of conduct between or among such persons or knowing about criminal conduct, do not make someone a member of the conspiracy. Similarly, just because a defendant may have done something that happened to help a conspiracy, does not necessarily make him a conspirator.

Thus, the District Court properly instructed the jury that a guilty verdict would require a finding that Brown understood the purpose of the conspiracy and decided to join it, and that other associations, including a buyer-seller relationship, would not in themselves support a finding of guilt. No further instruction on this point was necessary. Brown has not established plain error, and we deny his appeal on this ground.

### III.

Next, Brown appeals the District Court's denial of his motion for acquittal under

7

Rule 29 of the Federal Rules of Criminal Procedure. Brown argues that there was insufficient evidence for the jury to find him guilty of the conspiracy charge, and that at best, the government only established a buyer-seller relationship between Brown and certain of his co-defendants. In considering a challenge based on sufficiency of the evidence for conviction, we view the evidence in the light most favorable to the government and "will sustain the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Dent, 149 F.3d 180, 187 (3d Cir. 1998) (internal quotation marks and citations omitted). Thus, a "claim of insufficiency of the evidence places a very heavy burden on an appellant." United States v. Gonzalez, 918 F.2d 1129, 1132 (3d Cir. 1990) (citation omitted).

Under this strict standard, Brown's claim must fail. The government's evidence against Brown at trial included, among other things, testimony describing Brown transferring money regularly to a co-conspirator (SA 93-95); testimony identifying Brown as one of the "workers" on a block where the conspiracy operated (SA 865-68, 877); testimony stating that Brown was supervised by and worked directly for individuals in more senior positions in the conspiracy (SA 456-57, 615-17); testimony suggesting that Brown was involved in a homicide related to the conspiracy (SA 484, 487, 494-95); and testimony indicating that Brown was one of several conspirators who attempted to aid another conspirator in escaping from the police (SA 345). A rational trier of fact could have found that Brown was a member of the conspiracy alleged by the government based on this evidence. We therefore deny Brown's appeal of his conviction on this basis.

8

IV.

Lastly, Brown appeals his sentence based on the Supreme Court's decision in Booker. The District Court sentenced Brown prior to the Booker holding, and increased Brown's sentence based on judicial findings of fact under the Federal Sentencing Guidelines. We therefore remand for resentencing in accordance with Booker. See United States v. Davis, 407 F.3d 162, 164 (3d Cir. 2005) (en banc).