CLD-291                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1186
_____

UNITED STATES OF AMERICA

v.

RENARD BROWN,
a/k/a Nard

Renard Brown,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:02-cr-00172-021)
District Judge:  Honorable Stewart Dalzell
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
June 16, 2016

Before: FISHER, JORDAN, and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed June 29, 2016)

_____

OPINION[*]

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

_____

PER CURIAM

Federal prisoner Renard Brown appeals pro se from the District Court's January 6, 2016 order denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, we will summarily affirm that order.

I.

In 2004, Brown was convicted in the District Court of cocaine and crack offenses. At sentencing, the District Court determined that he had acted as a lookout during the murder of an individual named Grayling Craig. In light of this determination, the District Court concluded that pursuant to U.S.S.G. § 2D1.1(d)(1), the base offense level for first degree murder set forth in U.S.S.G. § 2A1.1 — offense level 43 — applied to Brown. The District Court then departed downward to offense level 40 and sentenced Brown to a within-Guidelines sentence of 300 months in prison. On direct appeal, we affirmed Brown's conviction but remanded for resentencing in light of the Supreme Court's intervening decision in United States v. Booker, 543 U.S. 220 (2005). See United States v. Brown, 174 F. App'x 29, 30 (3d Cir. 2006). On remand, Brown ultimately waived his right to be resentenced.

In 2008, Brown filed in the District Court a pro se motion to reduce his sentence under § 3582(c)(2). That motion purported to rely on Sentencing Guidelines Amendment 706, which "reduced the base offense levels for crack cocaine offenses under [U.S.S.G.]

2

§ 2D1.1(c) by two levels." United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). The District Court denied that motion, explaining that Brown was not eligible for a sentence reduction because he had been sentenced under section 2A1.1, not section 2D1.1(c).  Brown did not appeal from that denial.

In 2015, Brown filed a second pro se § 3582(c)(2) motion in the District Court. This time, Brown sought a sentence reduction based on Sentencing Guidelines Amendment 782, which "reduced by two levels the base offense levels assigned to many drug quantities in [section 2D1.1(c)]." United States v. Thompson, Nos. 15-3086 & 15-3107, 2016 WL 3163078, at *3 (3d Cir. June 7, 2016) (precedential).  On January 6, 2016, the District Court denied this new motion, again explaining that Brown was not eligible for a sentence reduction because he had not been sentenced under section 2D1.1(c).  Brown now appeals from this latest order.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1]  When, as here, "the district court determines that a defendant is ineligible for relief under 18 U.S.C.

---

[1] The time for filing an appeal from an order denying a § 3582(c)(2) motion is governed by Federal Rule of Appellate Procedure 4(b)(1)(A).  See United States v. Espinosa-Talamantes, 319 F.3d 1245, 1246 (10th Cir. 2003) (collecting cases).  Accordingly, the deadline for filing a notice of appeal in this case was January 20, 2016.  See Fed. R. App. P. 4(b)(1)(A).  Brown's notice of appeal was not docketed in the District Court until January 25, 2016; however, it appears that his notice may have been submitted to prison authorities for forwarding to the District Court before the January 20th deadline, which would make the notice timely.  See Fed. R. App. P. 4(c)(1).  But even if his notice was not timely, we still may reach the merits of this appeal.  Indeed, the time requirement set

3

§ 3582(c)(2), our review is plenary." <u>United States v. Weatherspoon</u>, 696 F.3d 416, 420 (3d Cir. 2012).  We may take summary action if it clearly appears that this appeal fails to present a substantial question.  <u>See</u> 3d Cir. I.O.P. 10.6.

A district court may reduce a sentence under § 3582(c)(2) only if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  As the District Court explained in its January 6, 2016 order, Amendment 782 "does not lower [Brown's] sentencing range because [he] was sentenced based on Section 2A1.1, not a drug quantity."  (Dist. Ct. Order entered Jan. 6, 2016, at 3.)  Accordingly, he was not eligible for a sentence reduction here.  Because this appeal clearly fails to present a substantial question, we will summarily affirm the District Court's January 6, 2016 order denying § 3582(c)(2) relief.

---

forth in Rule 4(b)(1)(A) is not jurisdictional, <u>United States v. Muhammud</u>, 701 F.3d 109, 111 (3d Cir. 2012), and the Government has not moved to enforce it.