**UNITED STATES of America,**
**Appellee,**

v.

**Jerome Harold BEGUN, Appellant.**

**No. 71–1192.**

United States Court of Appeals,
Ninth Circuit.

July 29, 1971.

Rehearing Denied Oct. 27, 1971.

George Harrington (argued), Benjamin M. Davis, San Francisco, Cal., for appellant.

John G. Milano, Asst. U. S. Atty. (argued), James L. Browning, U. S. Atty., San Francisco, Cal., for appellee.

Before KILKENNY and TRASK, Circuit Judges, and BYRNE, District Judge.*

PER CURIAM:

Appellant was indicted, tried and convicted in a jury trial on five counts of violations of 26 U.S.C. § 4705(a) [illegal sale of narcotic drugs]; two counts of violations of 21 U.S.C. § 331(q)(2) [illegal sale of drugs], and five counts of violations of 26 U.S.C. § 5861(d) [illegal possession of unregistered firearms]. Appellant was sentenced to five years imprisonment on certain of the counts and seven years imprisonment on others, all sentences to run concurrently.

A discussion of the facts revealed in the 895 page record would add nothing to the validity of our conclusions. Appellant assigns but one error. At the close of the government's case, appellant moved to compel the government to elect whether it would proceed on the asserted violations of the drug statutes or on the alleged violations of the firearms statute. In the alternative, he moved that the court order a severance between the drug and the firearms charges. These motions were denied.

Rule 8(a), FRCrimP, permits the joinder of two or more offenses in the same indictment where they are "* * * of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Rule 14, FRCrimP, provides that if a defendant is prejudiced by a joinder of offenses, the court may order an election or separate trial of counts. The grant or denial of a motion for severance, whether of offenses or defendants, is a matter within the discretion of the district court, and appellate review is limited to whether that discretion was abused. United States v. De La Cruz Bellinger, 422 F.2d 723, 726 (9th Cir. 1970); Parker v. United States, 404 F.2d 1193, 1194 (9th Cir. 1968), cert. denied 394 U.S. 1004, 89 S.Ct. 1602, 22 L. Ed.2d 782 (1969), rehearing denied, 395 U.S. 941, 89 S.Ct. 2003, 23 L.Ed.2d 460 (1969); Bayless v. United States, 381 F.2d 67, 72 (9th Cir. 1967).

Simply stated, the existence of prejudice from a joinder of offenses depends, in large measure, upon the facts and circumstances of each case. Williams v. United States, 416 F.2d 1064 (8th Cir. 1969); Williams v. United States, 265 F.2d 214 (9th Cir. 1959). However, an important factor in determining whether prejudice exists is "* * * whether the evidence of one of the crimes would be admissible in a separate trial for the other crime." Bayless v. United States, supra, 381 F.2d p. 72. If the answer is affirmative, the joinder of offenses, in most instances, will not be prejudicial. Here, the evidence of appellant's involvement with the drugs and guns is so interrelated that the evidence as to the one cannot be intelligently severed from the evidence as to the other. We say this despite appellant's argument that the unregistered firearms found in his possession for which he was convicted were not the same firearms which were discussed in connection with the narcotics. On the record before us, appellant's distinction between the two types of guns is truly a distinction without a difference. Accordingly, we hold that the evidence as to the guns was so interwoven with the evidence as to the drugs that the former would have been admissible in a separate trial on charges relating to the latter, and that appellant was not prejudiced by the joinder of these offenses. Beyond question, the joinder was proper under Rule 8(a).

On these facts, the district court did not abuse its discretion in denying appellant's motions for election or severance.

Affirmed.

* The Honorable William M. Byrne, United States District Judge for the Central District of California, sitting by designation.