UNITED STATES of America

v.

GORECKI, Alan Dale.

**Appeal of Alan D. GORECKI.**

**No. 86–3246.**

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit Rule 12(6)
Feb. 23, 1987.

Decided March 5, 1987.

---

J. Alan Johnson, U.S. Atty., Paul J. Brysh, Constance M. Bowden, Asst. U.S. Attys., Pittsburgh, Pa., for appellee.

Stephen M. Sokol, Pittsburgh, Pa., for appellant.

Before WEIS, BECKER and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Senior Circuit Judge.

The defendant, Alan Dale Gorecki, appeals from his conviction by a jury for violations of 21 U.S.C. § 841 (possession of cocaine with intent to distribute) and 26 U.S.C. § 5861(d) (unlawful possession of a weapon). The basis of appeal is defendant's claim that (1) the district court erred in refusing to sever the two counts under Federal Rule of Criminal Procedure 8(a), or (2) the district court abused its discretion in refusing to sever the two counts under Federal Rule of Criminal Procedure 14. We find that these alleged errors do not justify the grant of a new trial on the record in this case and, therefore, will affirm the defendant's conviction.

The Government's charges against the defendant were based on a search of defendant's house on November 1, 1985. The search uncovered, among other things, cocaine, a yellow ledger sheet appearing to contain cocaine prices, a digital scale, a grinder, and $1384. in cash. An agent of the Bureau of Alcohol, Tobacco, and Firearms (ATF) also found an AR–15 Model SP–1 calibre .223 Colt firearm in the entrance to the defendant's attic. The defendant had converted the firearm into a machine gun without notifying the ATF as required by federal law. The defendant does not question the validity of the search on this appeal.

### I.

Any improper joinder of counts under Fed.R.Crim.P. 8(a) raises a question on which an appellate court's review is plenary. *United States v. Montes-Cardinas,* 746 F.2d 771, 776 (11th Cir.1984). Rule 8(a) permits joinder of offenses that "are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Other circuits have upheld the joinder of weapons and narcotics charges under Fed.R.Crim.P. 8(a). *See, e.g., Montes-Cardinas,* 746 F.2d at 776–77

(11th Cir.1984); *United States v. Valentine*, 706 F.2d 282, 291 (10th Cir.1983); *United States v. Park*, 531 F.2d 754, 761 (5th Cir.1976); *United States v. Begun*, 446 F.2d 32, 33 (9th Cir.1971), but we have not had occasion to address the question. *Cf. United States v. Picklesimer*, 585 F.2d 1199, 1204 (3d Cir.1978) (The court stated that weapons may be tools of an ongoing illegal enterprise and, therefore, evidence of possession of weapons was relevant and admissible in defendants' narcotics conspiracy trial. Joinder under Rule 8(a), however, was not at issue because defendants were not indicted on weapons charges.).

■ There was evidence that Gorecki's house was used and had been used for a long time for major cocaine dealings, indeed that Gorecki had acquired it from a predecessor dealer for that purpose. Under these circumstances, it is reasonable to assume that the firearm could have been used as a vital part of a plan to possess and distribute drugs, particularly since the firearm and the narcotics-related evidence were found on the same premises, at the same time, as a result of the same legal search. The evidence of the defendant's possession of both drugs and the firearm was thus interrelated and was reasonably joined. *United States v. Begun*, 446 F.2d at 33.

We do not hold that narcotics-related and weapon-related charges may be joined in all cases. There may be circumstances in which they are not sufficiently connected temporally or logically to support the conclusion that the two crimes are part of the same transaction or plan. On the record in this case, however, the facts do support such a conclusion.

The joinder of the defendant's offenses is consistent with the purpose of Fed.R.Crim.P. 8 to promote economy of judicial and prosecutorial resources. *United States v. Werner*, 620 F.2d 922, 928 (2d Cir.1980). A large portion of the evidence of the defendant's offenses was obtained from the search of his house. For each count the Government had to prove the element of possession. This burden required the Government to show that defendant's house was searched and what the agents discovered during this search. It would have been wasteful and duplicative for the Government to have to establish the same facts relating to possession in two separate trials. *See Park*, 531 F.2d at 761 (speed and efficiency in functioning of federal courts is a factor to be considered in a Rule 8 determination).

■ Additionally, a defendant claiming an improper joinder under Fed.R.Crim.P. 8(a) must prove actual prejudice from the misjoinder. *United States v. Lane*, 474 U.S. 438, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986). The defendant incorrectly claims that improper joinder automatically results in prejudice and has failed to allege facts sufficient to infer prejudice from the district court's joinder. We therefore find the district court's joinder proper under Rule 8(a).

## II.

The defendant also claims that the district court should have severed the two counts under Fed.R.Crim.P. 14 because of prejudice from the joinder. Defendant alleges that he was prejudiced because the evidence of the narcotics charge would not have been admissible at a separate trial on the weapons charge. Additionally, defendant claims that the joinder prevented him from testifying as to only the weapons charge. In reviewing allegations of prejudice under Rule 14, a defendant is required to prove that the trial court abused its discretion in refusing to sever the counts. *United States v. Sebetich*, 776 F.2d 412, 427 (3d Cir.1985).

■ The evidence of the narcotics charge would probably have been admissible at a separate trial on a weapons charge. Under Federal Rule of Evidence 404(b), evidence of other crimes, wrongs, or acts may be used to show motive, preparation, or plan. Possession of drugs could indicate defendant's motive for not registering the firearm

and, thus, be relevant evidence at a separate trial on the weapons charge. Moreover, possession of the weapon would likely be admissible in the drug case, since weapons have been recognized as tools of the narcotics trade. *Picklesimer*, 585 F.2d at 1204.

 Defendant's claim that the joinder frustrated his strategy to testify only on the weapons charge can be quickly dismissed. The district judge asked the defendant before trial to make an in camera showing of his testimony on the weapons charge. Appendix to appellant's brief, Tr. 2–4. The defendant failed to make such a showing and gave no indication as to his need to testify only on the weapons count. *Id.* A claim of improper joinder under Fed. R.Crim.P. 14 must demonstrate "clear and substantial prejudice." *Sebetich*, 776 F.2d at 427. Defendant's bare allegation that the joinder prevented his testimony on the weapons charge, without a specific showing as to what that testimony may have been, fails to meet the stringent requirements for a Rule 14 showing of prejudice. *See United States v. Weber*, 437 F.2d 327, 334 (3d Cir.1970) (defendant's claim that joinder prevented him from testifying as to some of counts rejected under Rule 14), *cert. denied*, 402 U.S. 932, 91 S.Ct. 1524, 28 L.Ed.2d 867 (1971); *United States v. Slawick*, 408 F.Supp. 190, 215 (D.Del.1976) (defendant's mere allegation that he wishes to testify on only certain counts is patently insufficient to warrant severance), *aff'd*, 564 F.2d 90 (3d Cir.1977); *Montes-Cardenas*, 746 F.2d at 778 (defendant who does not explain what testimony would have been given on either charge presents no factual basis for Rule 14 evaluation of prejudice).

We conclude that, on this record, the drug and weapons offenses were properly joined under Fed.R.Crim.P. 8(a) and that the defendant has not advanced sufficient proof of prejudice from the joinder under Fed.R.Crim.P. 14 to justify a new trial. The district court's judgment of conviction will be affirmed.