**UNITED STATES of America**

v.

**Timothy SMITH.**

**Crim. No. 88–184.**

United States District Court, E.D. Pennsylvania.

Oct. 17, 1988.

590

Ronald G. Cole, Organized Crime & Racketeering Section, Dept. of Justice, Philadelphia Strike Force, Philadelphia, Pa., for the U.S.

Louis J. Ruch, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Defendant Timothy Smith was charged with four counts of income tax evasion, in violation of 26 U.S.C. § 7201, and two counts of holding a prohibited position (hereinafter "labor counts"), in violation of 29 U.S.C. § 1111. Following a jury trial that began on July 25, 1988, and ended with a jury verdict on July 28, 1988, defendant Smith was found guilty on all six counts. Presently pending before this

Court are defendant's motions for judgment of acquittal pursuant to Fed.R.Crim. P. 29(c) and for a new trial pursuant to Fed.R.Crim.P. 33. For the reasons stated below, this Court will deny defendant's motions.

In support of his post-trial motions, defendant Smith alleges the following four grounds: (1) that the Court erred in denying defendant's motion to have Counts 1–4 (the income tax evasion counts) severed from Counts 5–6 (the labor counts); (2) that the Court erred in admitting evidence that the defendant failed to file income tax returns for the years 1978, 1979, and 1980; (3) that the evidence was insufficient to support a guilty verdict on Counts 1–2 (the 1981 and 1982 income tax evasion counts); and (4) that the evidence was insufficient to support a guilty verdict on Counts 5–6 (the labor counts).

### 1. Severance of Counts

Defendant Smith alleges that as a result of this Court's refusal to sever Counts 1–4 (the tax counts) from Counts 5–6 (the labor counts), he was prejudiced in two ways. First, the government was able to introduce evidence of defendant's prior conviction for embezzlement as an element of Counts 5–6 even though the evidence of that conviction would not have been admissible at a trial of just Counts 1–4. Second, defendant would have testified in his own defense at a separate trial of Counts 5–6 while exercising his right not to testify at a separate trial of Counts 1–4.

Rule 8 of the Federal Rules of Criminal Procedure provides:

(a) Joinder of Offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

As the language makes clear, joinder under Rule 8(a) is permissive. To the extent that it is consistent with a fair trial, Rule 8 is to be construed liberally to promote the goals of trial convenience and judicial efficiency. *See Bruton v. United States*, 391 U.S. 123, 131, 88 S.Ct. 1620, 1625, 20 L.Ed.2d 476 (1968); *United States v. Wirsing*, 719 F.2d 859, 862 (6th Cir.1983). Under the law of the Third Circuit, charges may be joined if they are "sufficiently connected temporally or logically to support the conclusion that the two crimes are part of the same transaction or plan." *United States v. Gorecki*, 813 F.2d 40, 42 (3d Cir.1987).

In applying this standard, courts have consistently held that joinder of tax counts with non-tax counts is proper when the unreported income constitutes the proceeds of the charged illegal acts. *See e.g., United States v. Vignola*, 464 F.Supp. 1091, 1103–04 (E.D.Pa.1979), *aff'd*, 605 F.2d 1199 (3d Cir.1979), *United States v. Serubo*, 460 F.Supp. 689, 693 (E.D.Pa.1978), *vacated on other grounds*, 604 F.2d 807 (3d Cir.1979); *United States v. Borish*, 452 F.Supp. 518, 525–26 (E.D.Pa.1978); *United States v. Cohen*, 444 F.Supp. 1314, 1317 (E.D.Pa.1978). In the instant case, the government alleged and adduced evidence that the defendant evaded his taxes in order to prevent the government from discovering that defendant was in violation of 29 U.S.C. § 1111. Accordingly, the tax evasion charges arose directly out of unreported income flowing from the underlying substantive count, to wit, illegal labor activities. *See United States v. Kenny*, 645 F.2d 1323, 1344–45 (9th Cir.1981). Moreover, the evidence that was used to establish 29 U.S.C. § 1111 (the labor violation) was essentially the same as that used to establish 26 U.S.C. § 7201 (tax evasion). Accordingly, the joinder of Counts 1–4 and 5–6 was proper.

Defendant further argues, however, that this Court should have exercised its discretion to sever the tax counts in accordance with Fed.R.Crim.P. 14 and that failure to do so was an abuse of discretion. Rule 14 states:

If it appears that a defendant ... is prejudiced by a joinder of offenses ... in an indictment ... or by such joinder for

trial together, the court may order an election or separate trials of counts ... or provide whatever other relief justice requires.

Such a determination is a matter within this Court's discretion and the proper standard of review is abuse of discretion. *United States v. Sebetich,* 776 F.2d 412, 427 (3d Cir.1985). The Third Circuit has recently held that a claim of improper joinder under Rule 14 must demonstrate "clear and substantial prejudice" in order to result in severance. *United States v. Gorecki,* 813 F.2d at 43. We conclude that the defendant has failed to make the requisite showing of clear and substantial prejudice necessary to require severance.

■ Defendant's claim of clear and substantial prejudice due to the introduction of his prior embezzlement conviction is without merit. As previously discussed, joinder of tax counts, as a matter of law, is proper when those counts charge the defendant with a failure to pay income tax on the proceeds of the illegal undertaking. *See generally United States v. Kenny,* 645 F.2d at 1344; *United States v. Shelton,* 669 F.2d 446 (7th Cir.1982); *United States v. Brashier,* 548 F.2d 1315 (9th Cir.1976). Thus, inasmuch as defendant's evasion of taxes was alleged to have been motivated by his desire to prevent the government from learning of his prohibited labor activities, defendant's claim of prejudice must fail. We note that this Court instructed the jury that the embezzlement conviction could not be considered as evidence that the defendant committed the crimes charged in the Indictment. *See* Tr. 4.30.

■ Defendant's claim that the joinder frustrated his strategy to testify only on the labor charges and not the tax charges can be quickly dismissed. Beyond alleging the *possibility* that defendant might wish to testify as to the labor charges only, defendant made no showing as to the nature of the testimony and the reasons why he did not wish to testify as to the tax counts. Such a bare allegation, without more, does not meet the showing required by the Third Circuit for the granting of a motion to sever. *See United States v.*

*Weber,* 437 F.2d 327, 334 (3d Cir.1970). Indeed, the Third Circuit, in *United States v. Reicherter,* made clear that severance is required only where the:

Defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other .... it is essential that the defendant present enough information—regarding the nature of testimony he wishes to give on one count and his reasons for not wishing to testify on the other—to satisfy the court that the claim of prejudice is genuine ...

647 F.2d 397, 401 (3d Cir.1981) *quoting Baker v. United States,* 401 F.2d 958, 977 (D.C.Cir.1968), *cert. denied,* 400 U.S. 965, 91 S.Ct. 367, 27 L.Ed.2d 384 (1970).

Accordingly, we find no merit to defendant's claim of prejudice from the denial of his motion for severance.

2. Introduction of Failure to File Income Tax Returns

■ Defendant next maintains that it was error to permit the introduction of evidence of his failure to file income tax returns for the three years preceding the years charged in the indictment. To establish the crime of income tax evasion as charged in the indictment, the government was required to prove beyond a reasonable doubt that the defendant willfully attempted to evade or defeat a tax due the government. *United States v. House,* 524 F.2d 1035, 1039 (3d Cir.1975). Willfulness may be established in prosecutions for evasion of taxes by "any conduct, the likely effect of which would be to mislead or conceal." *Spies v. United States,* 317 U.S. 492, 499, 63 S.Ct. 364, 368, 87 L.Ed. 418 (1943). A pattern of failing to file tax returns spanning several years is probative of the defendant's state of mind as to his intent or willfullness to evade taxes in a particular year. *United States v. Shelton,* 669 F.2d 446, 459 (7th Cir.1982); *see generally* Devitt and Blackmar, *Federal Jury Practice and Instructions,* § 35.06 (3d ed. 1977). In the present case, the evidence of defendant's pattern of failing to file income tax

returns over a period of years tends to show an intent by the defendant not to report his income and, thereby, attempt to evade taxes.

Accordingly, pursuant to Federal Rule of Evidence 404(b), defendant's prior acts (to wit, not filing income tax returns) are admissible for the limited purpose of showing defendant's intent. This Court, pursuant to Federal Rule of Evidence 403, weighed the relevance and probative value of the evidence of defendant's other acts against the prejudice to defendant that might result from its admission, and concluded that it should be admitted for the limited purpose heretofore stated. This Court instructed the jury as to the limited purpose for which it could consider such evidence.

This Court did not err in admitting evidence of defendant's failure to file income tax returns in 1978, 1979, and 1980 for the limited purpose of showing defendant's state of mind as to his intent to evade taxes in a particular year.

### 3. Sufficiency of Evidence as to Counts 1 and 2

Defendant challenges the sufficiency of the evidence available to the jury in convicting him of tax evasion for the years 1981 and 1982. Specifically, defendant maintains that none of the evidence on the record constitutes an affirmative act of tax evasion. The Supreme Court, in *Spies v. United States,* provided a very broad definition of an affirmative act:

> Congress did not define or limit the methods by which a willful attempt to defeat and evade might be accomplished and perhaps did not define lest its effort to do so result in some unexpected limitation. Nor would we by definition constrict the scope of the Congressional provision that it may be accomplished 'in any manner'. By way of illustration, and not by way of limitation, we would think affirmative willful attempt may be inferred from conduct such as keeping a double set of books, making false entries or alterations, of false invoices or documents, destruction of books or records, concealment of assets or covering up

sources of income, handling of one's affairs to avoid making the records usual in transactions of the kind, and any conduct, the likely effect of which would be to mislead or conceal.

317 U.S. at 499, 63 S.Ct. at 368. We conclude that the record contains evidence sufficient to satisfy the Supreme Court's requirement of an affirmative act.

Evidence was adduced that in 1981 and 1982 virtually all of the income checks made payable to defendant were cashed as opposed to being deposited in a checking account. Such a practice, clearly not normal practice for an individual with the sizeable income enjoyed by defendant, suggested an intent to make it difficult for the government to trace the source and amount of defendant's income. *See United States v. Garavaglia,* 566 F.2d 1056, 1059 (6th Cir.1977). Second, evidence was adduced that defendant directed his employers to divert significant portions of his income to third parties in repayment of loan obligations, payment of mortgage committments, and other such purposes. *See e.g., United States v. Soullard,* 730 F.2d 1292 (9th Cir.1984); *United States v. Shelton,* 669 F.2d 446 (7th Cir.1982); *United States v. Slutsky,* 487 F.2d 832 (2d Cir.1973), *cert. denied,* 416 U.S. 937, 94 S.Ct. 1937, 40 L.Ed.2d 287 (1974). Third, evidence was adduced that defendant, after consulting with a CPA, not only refused to provide the CPA with the records necessary for filing a tax return but also instructed the CPA to file a request for an extension of time within which to file the 1981 tax return (which return, along with returns for 1982, 1983 and 1984 were never filed). *See United States v. Shelton,* 669 F.2d at 459. Finally, Special Agent Melvin Gudknecht testified that defendant admitted that he intentionally opted not to file a tax return rather than filing a false one. A jury might reasonably view such an admission as probative of defendant's intent to evade taxes. We conclude that there was sufficient evidence, both direct and circumstantial, *see United States v. Schiff,* 801 F.2d 108 (2d Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1603, 94 L.Ed.2d 789 (1987).

**594**

Finally, defendant's contention that there was insufficient evidence to show that the violation charged in Count One was within the statute of limitations is without merit. The statute under 26 U.S.C. § 7201 is six years. *See* 26 U.S.C. § 6531. The statute of limitations runs from either the date the tax return was due or, if affirmative acts of evasion take place after that due date, from the date of the last affirmative act. *See United States v. Ferris*, 807 F.2d 269, 271 (1st Cir.1986). In the instant case, defendant's tax return for the year 1981 was, after his filing of a time extension request, due on or about October 15, 1982. Inasmuch as the Indictment was returned on April 25, 1988, the violation charged in Count One was not barred by the statute of limitations.

4. Sufficiency of Evidence As to Counts 5 & 6

In Counts Five and Six, the defendant was convicted of violating Title 29, United States Code, § 1111, which, in relevant part, prohibits persons convicted of certain felonies from acting as a consultant to employee benefit plans. While defendant concedes that the evidence established, first, that defendant was convicted of an offense listed in 29 U.S.C. § 1111 and, second, that during the period covered by the Indictment, he was prohibited from serving as a consultant to employee benefit plans, defendant maintains that the evidence was insufficient to support a verdict that he did, in fact, serve as a consultant to employee benefit plans.

29 U.S.C. § 1111 defines a consultant as "any person who, for compensation, advises, or represents an employee benefit plan or who provides other assistance to such plan, concerning the establishment or operation of such plan." 29 U.S.C. § 1111(c)(2). Based upon both the original legislation and the clarifying amendments passed in 1984, it is clear that Congress intended to prohibit certain convicted felons from consulting and advising employee benefit plans. We find no basis in either the language of the statute or the legislative history to support defendant's conten-

tion that, prior to 1984, 29 U.S.C. § 1111 only prohibited the direct employment of convicted felons as consultants by employee benefit plans. Rather, we conclude, based on the plain meaning of the statute, that certain convicted felons were prohibited, irrespective of their precise employment status, from receiving compensation for advising or consulting employee benefit plans.

At trial, the government established that the defendant was compensated by Pilgrim Life Insurance to service employee benefit packages that were sold to the New Jersey Liquor Store Association (NJLSA) and Globe Security Systems, Inc. Additionally, the evidence established that Intergroup Administrators Corporation (IAC) administered the employee benefit plan for NJLSA and that the defendant received compensation from IAC during this period. Finally, the evidence showed that the defendant attended numerous trustee meetings of and met with representatives of the employee benefit plans for the purpose of advising them as to the establishment and operation of the plans. We conclude that there was sufficient evidence to support a verdict of guilty on Counts 5 and 6.

For the reasons stated, this Court will deny defendant's motions for judgment of acquittal and new trial.