**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Quevency Devron MASON,
Defendant—Appellant.**

No. 05–30319.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 16, 2006.*

Filed Sept. 8, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Beth M. Bollinger, Esq., Attorney at Law, for Defendant–Appellant.

Quevency Devron Mason, Spokane, WA, pro se.

Before: PREGERSON, NOONAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Defendant–Appellant Quevency Devron Mason appeals his conviction on six counts of distribution of cocaine base and the resulting sentence of 20 years of imprisonment. We affirm. As the parties are familiar with the facts, we do not recite them here.

## ANALYSIS [1]

**1. The district court properly denied Mason's motion to sever Count Six of the superseding indictment.**

Mason argues that the district court erred in denying his motion, pursuant to Federal Rules of Criminal Procedure 8(a)

Aine Ahmed, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The denial of a Rule 8 misjoinder objection is reviewed *de novo*. *United States v. Smith,* 795 F.2d 841, 850 (9th Cir.1986). The denial of a Rule 14 motion to sever is reviewed for abuse of discretion. *United States v. Sarkisian,* 197 F.3d 966 (9th Cir.1999). Alleged violations of the Sixth Amendment's Confrontation Clause are reviewed *de novo*. *Lilly v. Virginia,* 527 U.S. 116, 136–37, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999). Claims of insufficient evidence are reviewed *de novo;* there is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Shipsey,* 363 F.3d 962, 971 n. 8 (9th Cir.2004). A defendant's entrapment argument is reviewed *de novo*. *United States v. Si,* 343 F.3d 1116, 1125 (9th Cir.2003). Whether a trial court's instructions adequately covered a defendant's proffered defense is reviewed *de novo*. *United States v. Martinez–Martinez,* 369 F.3d 1076, 1083 (9th Cir.2004). "A prosecutor's improper closing argument is not grounds for reversal unless it rises to the level of plain error." *United States v. Lopez,* 803 F.2d 969 (9th Cir.1986). The district court's application of the sentencing provisions of the Controlled Substances Act is reviewed *de novo*. *See United States v. Leon H.,* 365 F.3d 750, 752 (9th Cir.2004).

and 14, to sever Count Six of the superseding indictment for misjoinder.

■ Rule 8(a) permits joinder of charges against a single defendant when, among other things, those charges "are of the same or similar character." Fed. R.Crim. P. 8(a). "Because Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment." *United States v. Terry*, 911 F.2d 272 (9th Cir.1990). The charges against Mason are of the same or similar character because they involve the distribution or intent to distribute the same drug in the same place within the same general time frame. There was no misjoinder under Rule 8(a).

Under Rule 14, "[t]he test is whether joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." *United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir.1976). As the district court noted, there was no prejudice because the evidence concerning the conduct alleged in Count Six could have been admitted on Counts 1 through 5 under Federal Rule of Evidence 404(b). *See United States v. Begun*, 446 F.2d 32, 33 (9th Cir.1971). Mason was in possession of plastic-wrapped cocaine base but no "crack pipe" at the time of his arrest; this evidence of intent to distribute, rather than consume, the seized cocaine base is relevant to proving that Mason's earlier distribution of cocaine base was intentional and was part of a larger plan. For this reason, the standard for reversal, which requires compelling, manifest prejudice, is not met. *See Brashier*, 548 F.2d at 1323.

## 2. The government was not required to produce Vargas.

■ Mason argues that Vargas' absence at trial violated his Sixth Amendment right to confront witnesses against him. Because no testimonial statements attributed to Vargas were introduced by the prosecution, his absence at trial could not have violated Mason's Sixth Amendment confrontation right. *See Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

Mason also argues that the government caused Vargas to be unavailable. Mason's investigator interviewed Vargas and could have served him with a subpoena at that time. Vargas' absence is attributable entirely to defense negligence. The motion was properly denied.

## 3. There was sufficient evidence to support Mason's conviction.

■ Mason argues that there was insufficient evidence to support his conviction because the prosecution failed to negate his defense of entrapment. Mason's argument is equivalent to an argument that he was entrapped as a matter of law. "To establish entrapment as a matter of law, the defendant must point to undisputed evidence making it patently clear that an otherwise innocent person was induced to commit the illegal act by trickery, persuasion, or fraud of a government agent." *United States v. Smith*, 802 F.2d 1119 (9th Cir.1986). Mason testified that Vargas induced him to sell cocaine base, but Gutierrez testified that the DEA agents had never been in contact with Vargas, and that they did not even know his name. Mason's argument that he was entrapped as a matter of law fails because the jury could permissibly have concluded that Vargas was not a government agent, and thus that any inducement could not constitute entrapment. The evidence was sufficient in all other respects, as well, since the jury could have credited witnesses who testified

that they saw Mason exchange drugs for cash.

### 4. The district court properly rejected Mason's proffered agency instruction.

■ Mason argues that the district court erred in failing to instruct the jury on the law of agency, which he alleges is relevant to his defense of entrapment. For purposes of an entrapment defense, "[a] person is a government agent when the government authorizes, directs and supervises that person's activities and is aware of those activities." *United States v. Jones*, 231 F.3d 508, 517 (9th Cir.2000) (internal quotation omitted). The district court so instructed the jury here. The law of business agency, as stated in the defendant's proposed instruction, was irrelevant to determining whether Vargas was a government agent for purposes of Mason's entrapment defense. The instruction was properly rejected.

### 5. The prosecutor made no improper argument requiring reversal.

Mason alleges two instances of misconduct during the government's closing statement.

■ Mason first argues that the prosecutor's closing statement shifted the burden of proof because "[t]he government essentially placed the burden on Mr. Mason by implying that if he were innocent[,] why did he not subpoena the witness[?]" However, "[a] prosecutor is entitled to comment on a defendant's failure to present witnesses so long as it is not phrased to call attention to the defendant's own failure to testify." *United States v. Necoechea*, 986 F.2d 1273, 1282 (9th Cir.1993). The prosecutor's comment was therefore permissible.

Mason next argues that, by highlighting Mason's failure to subpoena Vargas, the prosecutor vouched for the testimony of Gutierrez. The prosecutor made no "personal assurances of the witness's veracity," *United States v. Daas*, 198 F.3d 1167, 1178 (9th Cir.1999); indeed, the prosecutor made no mention of Gutierrez in the allegedly improper portion of his closing argument. Likewise, the prosecutor did not "suggest[ ] that information not presented to the jury supports the witness's testimony," *id.*, since the prosecutor made no mention of Gutierrez's testimony or any facts outside the record. There was no error in allowing this statement.

### 6. Mason's prior state drug conviction constitutes a felony for sentencing purposes.

Mason argues that the district court erred in its determination that he had the requisite prior felony conviction required to impose a 20–year mandatory minimum sentence.

■ The Controlled Substances Act imposes a 20–year mandatory minimum sentence for violating that act "after a prior conviction for a felony drug offense has become final." 21 U.S.C. § 841(b)(1)(A). A felony drug offense is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, or depressant or stimulant substances." 21 U.S.C. § 802(44). "[W]hat matters for federal sentencing purposes is that the statutory maximum sentence for the offense for which he was convicted exceeded one year." *United States v. Rios–Beltran*, 361 F.3d 1204 (9th Cir.2004).

In Washington, Conspiracy to Deliver a Controlled Substance is punishable by up to 10 years in prison. R.C.W. § 69.50.405, 69.50.407. It is an "unranked offense"

with a sentencing guidelines range of 0–12 months. *See State v. Pacheco,* 70 Wash. App. 27, 851 P.2d 734, 743–44 (1993). However, Washington law allows upward departures from that range, up to the 10 year statutory maximum, upon a finding that "there are substantial and compelling reasons justifying an exceptional sentence." R.C.W. § 9.94A.535.

Because the state court could have sentenced Mason to a term of imprisonment of up to ten years, his previous state court conviction was a felony for federal sentencing purposes.

### 7. The sentence did not violate due process.

■ Mason was sentenced to 240 months (20 years) of imprisonment, the statutory minimum. Mason argues that "by imposing the mandatory minimum sentence, the statute denies the Court of an individualized determination of a sentence and thus violates the defendant's right to due process."

"Criminal defendants do not have a constitutional right to individualized sentences, and the legislature may set fixed mandatory and determinate sentences for particular offenses." *United States v. Wilkins,* 911 F.2d 337, 339 (9th Cir.1990). Further, *Booker* does not apply to statutory minimum sentences. *United States v. Dare,* 425 F.3d 634 (9th Cir.2005). Mason's due process argument fails.

### CONCLUSION

The judgment of the district court is AFFIRMED.