NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1289

_____

UNITED STATES OF AMERICA

v.

JUWAN SHAW,

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 08-cr-00476)
District Judge: Hon. Michael M. Baylson

Submitted Pursuant to Third Circuit LAR 34.1(a),
March 8, 2012

Before: McKEE, *Chief Judge*, SCIRICA
and AMBRO, *Circuit Judges*

(Opinion Filed: April 26, 2012)
_____

OPINION OF THE COURT
_____

McKEE, *Chief Judge*.

Juwan Shaw appeals his conviction for multiple robberies that were joined for

trial. He argues that the robberies were improperly joined in violation of Federal Rule of

Criminal Procedure 8(a). Alternatively, he makes the related claim that the District Court erred in denying his motion for a severance. For the reasons that follow, we will affirm.[1]

## I.

We review *de novo* a claim of improper joinder of counts under Rule 8(a). *United States v. Irizarry*, 341 F.3d 273, 287 (3d Cir. 2003). "If we determine that counts were improperly joined, we must undertake a harmless error analysis to see if prejudice resulted." *Id.* (citing *United States v. McGill*, 964 F.2d 222, 241 (3d Cir. 1992)). Relief will only be granted in the absence of actual prejudice. *United States v. Gorecki*, 813 F.2d 40, 42 (3d Cir. 1987) (citing *United States v. Lane*, 474 U.S. 438 (1986)).

Rule 8(a) provides:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a).

Shaw argues that the District Court erred in concluding that the robberies were of a similar character because they occurred at different times, involved varying degrees of force, and involved different victims. He notes that the third robbery was not of an individual but of a restaurant and was thus was not of similar character to the other two. Shaw's argument is unpersuasive. The robberies occurred over a five-month period in the same neighborhood near Shaw's residence, and all three robberies involved one

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291.

2

robber who demanded money from his victim while holding the victim at gunpoint with a small revolver.[2]  We agree with the District Court that the differences advanced by Shaw were insufficient to negate the similarity among the three robberies for purposes of Rule 8(a).  Moreover, Shaw has failed to prove actual prejudice resulting from the District Court's joinder of the charged offenses.  Thus, we conclude that joinder was proper under Rule 8(a).

## II. Severance

We review a district court's denial of a motion to sever under Rule 14 for abuse of discretion.  *Gorecki*, 813 F.2d at 42.  Rule 14 allows the district court to sever counts if joinder "appears to prejudice a defendant or the government."  Fed. R. Crim. P. 14(a).  However, "even if the district court abused its discretion in denying the severance motion, the defendant must pinpoint 'clear and substantial prejudice' resulting in an unfair trial."  *United States v. McGlory*, 968 F.2d 309, 340 (3d Cir. 1992) (quoting *United States v. Eufrasio*, 935 F.2d 553, 568 (3d Cir. 1991)).  "It is not enough to show that severance would have increased the defendant's chances of acquittal."  *Id.*

Shaw contends that he wished to testify with regard to the Lucky's Pizza robbery; however, joinder of the offenses caused him to surrender his right to testify in his own

---

[2] Although the Lucky's Pizza robbery ultimately involved two victims, only Mauro Garcia was at the front of the restaurant when Shaw initiated the robbery.  The restaurant owner, Harisios Pavlou, was in the back and only came to the front of the restaurant after the initiation of the robbery.  Thus, the robber in each case targeted a lone victim.  Although it could be argued that this is characteristic of most robberies and not necessarily suggestive of common character, there are clearly enough similarities among all of the robberies Shaw was charged with to support the District Court's exercise of discretion here.

3

defense because he feared that testifying with regard to only one robbery would lead the jury to speculate on the reasons for his failure to testify regarding the other two robberies and thereby infer guilt from his silence. Although we do not deny that Shaw may have faced that dilemma, it is not enough to establish error.

Severance is required "only where the defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other." *United States v. Reicherter*, 647 F.2d 397, 401 (3d Cir. 1981) (quoting *Baker v. United States*, 401 F.2d 958, 977 (D.C. Cir. 1968)) (internal quotation marks omitted). To make such a showing, defendant must "present enough information regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other to satisfy the court that the claim of prejudice is genuine." *Id.* (quoting *Baker*, 401 F.2d at 977) (internal quotation marks omitted). Here, the District Court correctly concluded that Shaw had failed to make the requisite showing.

Shaw also argues that the jury may have cumulated the evidence relating to the three robberies rather than weighing the evidence for each robbery separately. "Of primary concern in considering a motion for severance is whether the jury can reasonably be expected to compartmentalize the evidence, as it relates to each count." *Id.* (quoting *United States v. DeLarosa*, 450 F.2d 1057, 1065 (3d Cir. 1971)) (internal quotation marks omitted). Here, the District Court instructed the jury to consider each offense separately and warned the jury that "the number of offenses charged is not evidence of guilt, and this should not influence your decision in any way." It is well-settled that "juries are

4

presumed to follow their instructions." *Zafiro v. United States*, 506 U.S. 534, 540 (1993) (quoting *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)). "[T]hus we regard the instructions as persuasive evidence that refusals to sever did not prejudice" the defendant. *United States v. Walker*, 657 F.3d 160, 171 (3d Cir. 2011) (quoting *United States v. Lore*, 430 F.3d 190, 206 (3d Cir. 2005)). Moreover, the fact that the jury convicted Shaw of the robberies of the TastyKake deliveryman and of Lucky's Pizza, but acquitted him of the robbery of the Domino's deliveryman, strongly undermines Shaw's claim that the jury may have lumped all the evidence together rather than considering the evidence of each robbery separately.

Finally, Shaw argues that he was prejudiced because joinder encouraged the jury to infer a criminal disposition on his part and made the jury hostile toward him. As explained previously, the District Court warned the jury not to infer guilt from the number of offenses charged, and we presume that the jury followed the court's instruction. Shaw's contention that joinder of offenses made the jury hostile is sheer speculation. That argument could be leveled against every instance of joinder. Moreover, as the District Court noted, the three robberies were not so dissimilar in nature that one was more likely to arouse hostility than another. Thus, we conclude that Shaw has failed to make the requisite showing of actual prejudice to require severance under Rule 14.

**III.**

For the reasons stated above, we will affirm Shaw's conviction and the District Court's denial of Shaw's motion to sever.

5