NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4311
_____

UNITED STATES OF AMERICA

v.

DESMOND JANQDHARI,
Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-14-cr-00217-001)
District Judge: Honorable Michael M. Baylson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 18, 2018
_____

Before: AMBRO, RESTREPO and FUENTES, *Circuit Judges*.

(Filed: November 16, 2018)
_____

OPINION[*]
_____

RESTREPO, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

In January 2016, after a trial by jury, Desmond Janqdhari was convicted of robbery, armed carjacking, and other related offenses. He was ultimately sentenced to 481 months' imprisonment and a five-year period of supervised release. He now appeals his conviction and sentence on various grounds, none of which survive close scrutiny. We will affirm the District Court's trial and sentencing decisions in full.

## I

Because we write principally for the parties, we set out the facts only as needed for the discussion below. In 2014 Janqdhari was charged with robbery and armed carjacking, as well as several related offenses. At Janqdhari's jury trial, his co-defendant Keith Williams testified against him as part of a cooperation agreement in which Williams was offered the possibility of a more lenient sentence. Janqdhari chose not to testify on his own behalf after being advised by the trial court that it planned to allow the government to impeach him with a prior offense should he take the stand. Over the course of four days, the jury heard nine witnesses for the government, and two witnesses for Janqdhari, and was presented with over twenty exhibits. Ultimately, the jury returned a guilty verdict on all counts.[1]

The sentencing court sentenced Janqdhari to a total term of imprisonment of 481 months. In doing so, it adopted the Probation Office's findings that the base offense level

---

[1] Specifically, Janqdhari was convicted of one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); one count of armed carjacking, and aiding and abetting, in violation of 18 U.S.C. §§ 2119 and 2; and two counts of using and carrying a firearm during and in relation to a crime of violence, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1) and 2.

for the robbery and carjacking was 20, but was subject to a four-level enhancement pursuant United States Sentencing Guideline (U.S.S.G.) Section 2B3.1(b)(4)(A) based on the co-defendant forcing a cell-phone store employee to move to a rear bathroom to facilitate their robbery. Janqdhari's objection to the enhancement was overruled.

## II

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.

## III

In the appeal before us, Janqdhari challenges both his conviction and sentence. He presents five arguments as to why his conviction was fatally flawed, and one argument as to why his sentence was wrongly calculated. We will address each in turn.

### A.

Janqdhari first argues that the District Court abused its discretion in prohibiting him from cross-examining Williams on a separate and unrelated criminal investigation. He contends that he should have been allowed to inquire about that investigation and the subsequent lack of charges against Williams in order to showcase Williams' bias in testifying in exchange for leniency from the government. At trial, Williams argued that any cross-examination regarding the unrelated criminal investigation would violate his Fifth Amendment right against self-incrimination, as Williams had only proffered information to the federal government off the record and could be subject to state and federal charges based on any statements made in court. The District Court agreed with

3

Williams, but noted that Janqdhari was permitted to cross-examine Williams on the plea deal related to the case being tried. We will affirm.

We review a District Court's decision to limit cross-examination for abuse of discretion, *United States v. Ellis*, 156 F.3d 493, 498 (3d Cir. 1998), but exercise plenary review over interpretations of law, *United States v. Mitchell*, 145 F.3d 572, 576 (3d Cir. 1998). Where the limitation implicates a defendant's rights under the Confrontation Clause, we determine abuse of discretion using a two-part test. *United States v. Noel*, 905 F.3d 258, 268 (3d Cir. 2018). "First, we determine whether the limitation 'significantly inhibited [the defendant's] effective exercise of his right to inquire into [the] witness's motivation in testifying.'" *Id.* (quoting *United States v. Chandler*, 326 F.3d 210, 219 (3d Cir. 2003) (internal quotations marks omitted). "Then, if it did, we ask whether the limitation fell within 'those reasonable limits which a trial court, in due exercise of its discretion, has the authority to establish.'" *Id.* (quoting *Chandler*, 326 F.3d at 219) (internal quotations marks omitted). The second prong includes additional analysis, but because we find that the first prong was not met, we do not address the second prong for the purpose of our discussion.

The District Court's decision to bar cross-examination on Williams' unrelated criminal matter did not significantly inhibit Janqdhari's effective exercise of his right to inquire into Williams' motivation in testifying. Janqdhari was free to cross-examine Williams on the plea deal related to the criminal matter being tried, and he did so. Janqdhari not only cross-examined Williams extensively on the nature of the more lenient sentence he was to receive in exchange for taking the witness stand, but also read to the jury the cooperation agreement itself, leaving no doubt as to the benefits Williams would receive

4

in exchange for his testimony. Based on that cross-examination, the jury was well-informed about Williams' possible motivation to testify against Janqdhari. Additional cross-examination was unnecessary and risked confusing the jury. The District Court's decision to curtail cross-examination on this issue did not prejudice Janqdhari, and it preserved Williams' Fifth Amendment right against self-incrimination.

B.

Next, Janqdhari argues that the District Court impermissibly denied his right to testify on his own behalf by ruling that the government could impeach him with a prior robbery conviction under Federal Rule of Evidence 609(a)(1)(B) if he chose to testify. We are unable to reach the merits of this argument because Janqdhari did not preserve it for appeal. As the Supreme Court held—and as we have recognized[2]—"to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify." *Luce v. United States*, 469 U.S. 38, 43 (1984). Janqdhari did not testify, and therefore waived his claim regarding the District Court's ruling under Rule 609.

C.

In his third and fourth arguments, Janqdhari challenges the evidence underlying his carjacking conviction and related Section 924(c) conviction as insufficient. The sufficiency of the evidence "must be assessed from the perspective of a reasonable juror, and the verdict must be upheld as long as it does not 'fall below the threshold of bare rationality.'"

---

[2] *See United States v. Rosario*, 118 F.3d 160, 162 n.6 (3d Cir. 1997); *see also Gov't of Virgin Islands v. Fonseca*, 274 F.3d 760, 764-65 (3d Cir. 2001) (citing *Luce* for the principle that claims of harm stemming from a decision not to testify are "wholly speculative" and therefore waived on appeal).

*United States v. Caraballo-Rodriguez*, 726 F.3d 418, 431 (3d Cir. 2013) (en banc) (quoting *Coleman v. Johnson*, 566 U.S. 650, 656 (2012)). We review the evidence in the light most favorable to the government. *Id*. at 430.

According to Janqdhari, the government did not prove beyond a reasonable doubt that he had the requisite "intent to cause death or serious bodily harm," 18 U.S.C. § 2119, when he pointed a firearm at a driver to force her to relinquish her car keys, nor did it prove that Janqdhari was using an actual firearm at the time, 18 U.S.C. § 924(c)(1). However, viewing the testimony and physical evidence presented in the light most favorable to the government, it is clear that the jury could have reasonably concluded that Janqdhari had the requisite intent under Section 2119, and that he was carrying an actual firearm at the time. We will therefore affirm.

D.

Finally, Janqdhari argues that the District Court abused its discretion by denying his motion to sever the carjacking counts from the robbery counts. We review a district court's denial of a motion for severance under Fed. R. Crim. P. 14 for abuse of discretion. *United States v. Hart*, 273 F.3d 363, 369 (3d Cir. 2001). The burden is on the defendant to "demonstrate clear and substantial prejudice." *United States v. Gorecki*, 813 F.2d 40, 43 (3d. Cir. 1987). "In the absence of an affirmative showing of an abuse of discretion, this Court will not interfere with the severance determinations made by the District Court." *United States v. Gonzalez*, 918 F.2d 1129, 1133 (3d Cir. 1990) (quoting *United States v. Somers*, 496 F.2d 723, 730 (3d Cir.), *cert. denied,* 419 U.S. 832 (1974)).

Janqdhari has failed to make the requisite showing of clear and substantial prejudice here. He does not identify anything in the record that could clearly support such a finding. We will therefore leave the District Court's severance determination undisturbed.

E.

Assuming his conviction stands, Janqdhari separately argues that the District Court committed clear error in overruling his objection to the application of a four-level enhancement to his sentence pursuant to U.S.S.G. § 2B3.1(b)(4)(A). Under this provision, "[i]f any person was abducted to facilitate commission of the offense or to facilitate escape," the base offense level will "increase by 4 levels." U.S.S.G. Section 2B3.1(b)(4)(A). Here, Janqdhari and Williams entered a cell phone store, displayed their firearms to the store employee, and instructed him to fill their bags with money. After collecting the money, they forced the employee to the store's rear bathroom to prevent him from calling for help. The District Court found that this forced relocation constituted an abduction for the purpose of the sentencing enhancement.

"When reviewing the sentencing decisions of the district courts, we exercise plenary review over legal questions about the meaning of the Sentencing Guidelines, but apply the deferential clearly erroneous standard to factual determinations underlying their application." *United States v. Smith*, 767 F.3d 187, 190 n.2 (quoting *United States v. Reynos*, 680 F.3d 283, 286 (3d Cir. 2012)). Here, as in *Reynos*, we review the District Court's factual determination that the forced relocation of the store employee within the store constituted an abduction under the Sentencing Guidelines. *Reynos* set forth three predicate conditions for an abduction:

> First, the robbery victims must be forced to move from their original position; such force being sufficient to permit a reasonable person an inference that he or she is not at liberty to refuse. Second, the victims must accompany the offender to that new location. Third, the relocation of the robbery victims must have been to further either the commission of the crime or the offender's escape.

680 F.3d at 286-87. Applying these predicates, the *Reynos* Court determined that the District Court had not erred when it applied the sentencing enhancement to a defendant who, while robbing a pizza store, forced the store employee to move from the rear bathroom to the cash register 34 feet away, in furtherance of his robbery. *Id.* at 290-91. Because the facts before us substantially parallel those in *Reynos*, we conclude that the District Court's application of the four-level sentencing enhancement was not clearly erroneous. Thus, we will affirm Janqdhari's sentence as well as his conviction.

**IV**

For the foregoing reasons, the judgment of the District Court is affirmed.