**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 21-3213 & 21-3214

_____

UNITED STATES OF AMERICA

v.

ANTHONY LIVINGSTON,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Nos. 1:01-cr-00465-001 & 1:19-cr-00019-001)
U.S. District Judge: Honorable Renée Marie Bumb

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 15, 2022

Before: KRAUSE, BIBAS, and RENDELL, *Circuit Judges*

(Filed: November 7, 2022)

_____

OPINION[*]

_____

BIBAS, *Circuit Judge*.

Anthony Livingston spent almost two decades behind bars for bank robbery. It took

him less than two hours after his release to rob again. He now challenges his latest convic-

tions and sentence. Because his challenges are meritless, we will affirm.

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

## I. THE REPEAT BANK ROBBER

Livingston spent 17½ years in prison for eight bank robberies. But those years would not dissuade him from returning. Less than ninety minutes after getting off the bus from prison, he re-robbed one of the same banks. Ten days later, he robbed a second bank and tried to re-rob a third.

The District Court tried all three robberies together. Though the jury briefly deadlocked on the first robbery, the next day it convicted Livingston of all three. The District Court then sentenced him to more than 16 years in prison, a four-level upward variance from the Guidelines range.

On appeal, Livingston challenges the joinder of the robberies, the court's refusal to sever them, the testimony of his probation officer identifying him in a surveillance photo of the first robbery, and the reasonableness of his sentence. All these arguments fail.

## II. JOINDER WAS PROPER AND SEVERANCE WAS NOT REQUIRED

Livingston argues that the indictment should never have joined the first robbery charge with the other two. In any event, he says, the District Court should have severed them for separate trials. We review joinder de novo and severance for abuse of discretion. *United States v. Irizarry*, 341 F.3d 273, 287 (3d Cir. 2003); *United States v. Gorecki*, 813 F.2d 40, 42 (3d Cir. 1987).

The indictment properly joined all three charges. Charges may be joined if they "are of the same or similar character." Fed. R. Crim. P. 8(a). Because joint proceedings are more efficient, we tend to favor joinder. *Gorecki*, 813 F.2d at 42. In analyzing similarity, we focus on the indictment. *Irizarry*, 341 F.3d at 287. But to understand how counts are connected,

2

we sometimes consider other pretrial documents too. *United States v. McGill*, 964 F.2d 222, 242 (3d Cir. 1992).

The three charged robberies were similar. Livingston tries to differentiate them by stressing that he acted alone in the first robbery but used other people in the latter two. Yet that one difference is outweighed by a host of similarities: All three were bank robberies. All took place in Camden County, New Jersey. All occurred within ten days. And as the pretrial briefing explains, all involved similarly worded demand notes but no gun or express threat. Though not identical, they were similar enough to be joined. *See United States v. Chambers*, 964 F.2d 1250, 1250–51 (1st Cir. 1992) (Breyer, C.J.) (affirming joinder because all six robberies were around Boston, targeted banks, and happened within 2½ months; plus, the robber used a similar demand note and made violent threats each time).

And severance was not required. If joinder "appears to prejudice a defendant," a district court may try the counts separately. Fed. R. Crim. P. 14. Courts should grant severance only when there is a serious risk that a joint trial would prevent the jury "from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 538–39 (1993).

Here, there was not. Livingston says the joint trial created an intolerable risk that the jury would wrongly use evidence of the second and third robberies to find him guilty of the first. But the District Court instructed the jury to consider the evidence of each crime separately. That limiting instruction did enough to cabin the risk of prejudice. *See id.* at 539–41.

### III. THE PROBATION OFFICER PROPERLY IDENTIFIED LIVINGSTON

Next, Livingston objects to his probation officer's testimony identifying him in a surveillance photo from the first robbery. He argues that this testimony was not helpful to the

jury and thus inadmissible. Fed. R. Evid. 701(b). We review for abuse of discretion. *United States v. Anderskow*, 88 F.3d 245, 249 (3d Cir. 1996).

Testimony is helpful when a witness is "better position[ed] than the jurors to form an opinion or make an inference." *United States v. Fulton*, 837 F.3d 281, 292 (3d Cir. 2016). To decide that issue, we look at all the circumstances, including:

1. the witness's familiarity with "the defendant's appearance at the time the crime was committed" and "the defendant's customary manner of dress [that is] related to the clothing of the person depicted in the surveillance photograph,"

2. whether the defendant was disguised during the crime or has since changed his appearance, and

3. whether the witness "knew the defendant over time and in a variety of circumstances."

*Id.* at 297–98 (internal quotation marks omitted).

The District Court properly admitted the probation officer's testimony. True, the officer had met with Livingston only twice, for a total of about ninety minutes. So the third factor is not met. But the first two are:

1. In the five days after the first robbery, the officer met with Livingston twice. In both the robbery and one of those meetings, Livingston sported the same white polo shirt. So the officer was familiar with what Livingston looked like at the time of the robbery and recalled that he customarily dressed like the person in the photo. *Fulton*, 837 F.3d at 297–98.

4

2. Plus, the officer met Livingston while he still wore the beard that he had during the first robbery but later shaved off.

Because the probation officer was better positioned than the jury to identify Livingston from the photo, his testimony was admissible. *See United States v. Towns*, 913 F.2d 434, 445 (7th Cir. 1990) (admitting identification testimony from a witness who, on the day of the robbery, saw the defendant with a later-shaved mustache); *United States v. Farnsworth*, 729 F.2d 1158, 1160–61 (8th Cir. 1984) (admitting parole officers' testimony identifying a bank robber who had grown a post-robbery beard); *United States v. Pierce*, 136 F.3d 770, 773–76 (11th Cir. 1998) (admitting a probation officer's testimony identifying a disguised bank robber); *United States v. Garrison*, 849 F.2d 103, 107 (4th Cir. 1988) (admitting a probation officer's testimony identifying a bank robber who had lost weight post-robbery).

### IV. LIVINGSTON'S SENTENCE WAS REASONABLE

Finally, Livingston challenges his sentence as procedurally and substantively unreasonable: He says the District Court did not adequately explain its upward variance. And he claims that the four-level upward variance was unwarranted.

We review a sentence's procedural and substantive reasonableness for abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). Procedurally, the sentencing judge must consider the factors in 18 U.S.C. § 3553(a) and explain why she chose the sentence, including why she varied from the Guidelines range. *Id.* Substantively, we ask whether any reasonable sentencing judge would have imposed that sentence on that defendant for the reasons given. *Id.*

Procedurally, the sentencing judge considered all the § 3553(a) factors. Livingston suggests that she focused exclusively on his lengthy rap sheet, but she did not. She also heard his arguments, considered all the factors, and explained why the circumstances called for an upward variance.

Substantively, the four-level upward variance was reasonable. Most of Livingston's thirty criminal convictions were too old to be included in his criminal-history score at sentencing. And the eight bank robberies counted as only one conviction and three criminal-history points because they were charged and sentenced together. Plus, Livingston had just finished serving 17½ years in prison. Yet hours after regaining his freedom, he returned to robbing the very same banks. *See United States v. Washington*, 515 F.3d 861, 867 (8th Cir. 2008) (affirming a five-level upward variance for attempting to rob a bank within five months of serving an earlier bank-robbery sentence).

\* \* \* \* \*

Livingston's bank robberies were similar enough to be tried together, and the court instructed the jury to keep the evidence of each one separate. His probation officer properly identified him in the surveillance photo wearing his white polo shirt and beard as it looked before he shaved it. And the District Court justifiably raised his sentence based on all the relevant factors, especially his lengthy rap sheet and instant recidivism. So we will affirm.