

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-25-2008

# USA v. Scott

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4335

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Scott" (2008). *2008 Decisions.* Paper 1535.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1535

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4335
_____

UNITED STATES OF AMERICA

v.

TARELL SCOTT, a/k/a AMSU WALTON,

*Appellant.*

_____

On Appeal from United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 05-cr-00113)
District Judge: Legrome D. Davis
_____

Submitted Under Third Circuit LAR 34.1(a)
December 10, 2007

Before: McKEE, CHAGARES and HARDIMAN, *Circuit Judges*.

(Filed: February 25, 2008 )
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Appellant Tarell Scott challenges his conviction on several drug-related charges, arguing that the District Court erred when it denied his pretrial motions for misjoinder and severance. We will affirm.

**I.**

Because we write for the parties, we recount only the facts essential to our decision. The gravamen of Scott's appeal is that the District Court erred in conducting one trial on drug and weapons charges that arose out of different transactions at different times. Scott was charged with four counts related to dealings with his co-defendant, Milton Shabazz, in late 2004 and April 2005.[1] Scott also was charged with three drug and weapons violations arising out of a February 16, 2005 incident that did not involve Shabazz.[2] Before trial, Scott argued that the counts arising out of the February 16, 2005 incident were misjoined pursuant to Rule 8 and should be severed pursuant to Rule 14 of the Federal Rules of Criminal Procedure. The District Court denied the motion and Scott was convicted on those counts, but he was acquitted on all four counts related to Shabazz.

**II.**

Scott claims that the District Court committed legal error when it denied his motion for misjoinder under Rule 8. This argument fails for at least three independent reasons. First, although the parties focus their briefs on Rule 8(a), our precedents demonstrate that Rule 8(b) controls multi-defendant cases. *United States v. Irizarry*, 341

---

[1] Count II (conspiracy to distribute more than 50 grams of crack); Count III (distribution of cocaine); Count IV (distribution of cocaine); and Count V (attempted distribution of more than 50 grams of cocaine).

[2] Count VI (possession of crack with intent to distribute); Count VIII (possession of a firearm in furtherance of a drug-trafficking crime); and Count X (felon in possession of a firearm).

F.3d 273, 287 (3d Cir. 2003). Scott failed to brief this issue and "[i]t is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal." *United States v. Pelullo,* 399 F.3d 197, 222 (3d Cir. 2005).[3] Second, even assuming that Scott presented a viable argument under Rule 8(a), it is beyond cavil that the drug and weapons charges stemming from Scott's February 2005 arrest for distribution of crack cocaine are of "similar character" to the drug charges stemming from his activities with Shabazz. *See* Fed. R. Crim. P. 8(a). Finally, had the District Court erred in denying Scott's Rule 8 motion, it would have been harmless error because Scott cannot show prejudice. *See Irizarry*, 341 F.3d at 287.[4]

Scott next argues that even if joinder had been proper, the District Court abused its discretion in trying him on both the 2004 and 2005 conduct. When "the joinder of offenses . . . in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts . . .

---

[3] Although Scott twice references Rule 8 without identifying either subsection of that rule, each of his substantive arguments is confined to Rule 8(a). "[A] passing reference to an issue will not suffice to bring that issue before this court." *United States v. DeMichael*, 461 F.3d 414, 417 (3d Cir. 2006).

[4] Scott's dealings with Shabazz would have been admissible under Rule 404(b) of the Federal Rules of Evidence. *See, e.g., United States v. Boone*, 279 F.3d at 163, 187 (3d Cir. 2002); *see also United States v. Butch*, 256 F.3d 171, 177 (3d Cir. 2001). Moreover, the evidence of Scott's guilt was overwhelming. *See Comer v. Schriro,* 480 F.3d 960, 985 (9th Cir. 2007) (en banc) (citing authorities for the proposition that erroneous misjoinder is not prejudicial when there is strong evidence of guilt, such evidence would be cross-admissible, and where the jury is given a limiting instruction).

3

or provide any other relief that justice requires." *See* Fed. R. Crim. P. 14(a); *see also*

*Zafiro v. United States*, 506 U.S. 534, 538 (1993). On appeal, we

> must first determine from the record, as it existed when the motion was
> made, what trial developments were then reasonably foreseeable, and in that
> light decide whether the district court abused its discretion in denying the
> severance motion. We must also balance the public interest in joint trials
> against the possibility of prejudicial joinder. Princip[les] of judicial
> economy often favor a joint trial when a conspiracy is charged.

*See United States v. McGlory,* 968 F.2d 309, 340 (3d Cir. 1992) (citations omitted). The

Supreme Court has expressed a preference for joint trials for defendants who are indicted

together. *See Zafiro*, 506 U.S. at 537. "An appellant's burden is heavy: he must

demonstrate clear and substantial prejudice resulting in a manifestly unfair trial." *United*

*States v. Eufrasio*, 935 F.2d 553, 568 (3d Cir. 1991) (citation, alterations, and internal

quotation marks omitted). "It is not sufficient for [an appellant] merely to allege that

severance would have improved his chances for acquittal." *Id.* (citation omitted).

The record in this case demonstrates that even if the District Court abused its

discretion in denying Scott's Rule 14 motion for a severance, Scott cannot meet his heavy

burden of demonstrating "clear and substantial prejudice" from the joint trial of the

offenses against him. *See id.* We reach this conclusion for several reasons. First, the

District Court gave the jury proper instructions to enable it to compartmentalize the

evidence, not only between Scott and Shabazz, but among the individual counts. Such

instructions have been held to cure any prejudice. *See United States v. Lore*, 430 F.3d

190, 205-06 (3d Cir. 2005). Second, we presume that the jury followed these instructions,

4

*see id.* at 206, and the verdict fortifies that presumption in this case. By convicting Scott only on the February 2005 conduct while acquitting him of the late 2004 and April 2005 conduct, the jury demonstrated that it compartmentalized the evidence. *See United States v. Sandini*, 888 F.2d 300, 307 (3d Cir. 1989). Third, we have held that the cross-admissibility of Rule 404(b) evidence militates against a finding of prejudice. *See United States v. Gorecki*, 813 F.2d 40, 42-43 (3d Cir. 1987). Finally, we note that the evidence against Scott on the charges of which he was convicted was strong, if not overwhelming. As his own attorney admitted, the evidence against Scott was "much stronger with regard to the February . . . 2005 case." Thus, we cannot say that Scott has met his heavy burden of proving "clear and substantial prejudice." *See Eufrasio*, 935 F.2d at 568.

**III.**

For the foregoing reasons, we will affirm the order of the District Court.