

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2009

# USA v. Shabazz

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4364

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"USA v. Shabazz" (2009). *2009 Decisions.* Paper 1585.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1585

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4364
_____

UNITED STATES OF AMERICA

v.

MILTON SHABAZZ,

Appellant


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
No. 05-cr-00113
District Judge: Honorable Legrome D. Davis

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 8, 2009


Before: CHAGARES and HARDIMAN, Circuit Judges, and ELLIS, District Judge[1]


(Filed: April 6, 2009 )


OPINION OF THE COURT


_____

[1] The Honorable Thomas S. Ellis III, Senior District Judge for the United States District
Court for the Eastern District of Virginia, sitting by designation.

CHAGARES, Circuit Judge.

This is an appeal by defendant Milton Shabazz challenging his criminal conviction and seeking a new trial. In particular, Shabazz presents three issues for review: (1) whether the District Court erred in not severing his trial from that of his co-defendant, Tarell Scott; (2) whether the District Court gave erroneous jury instructions with regard to his entrapment defense; and (3) whether there was a violation of Brady v. Maryland, 373 U.S. 83 (1963). We will affirm.

## I.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We review the joinder of defendants under Federal Rule of Criminal Procedure 8(b) de novo, and the District Court's denial of a motion for severance under Federal Rule of Criminal Procedure 14 for an abuse of discretion. United States v. Thornton, 1 F.3d 149, 152 (3d Cir. 1993). We review "the legal standard stated in the [jury] instructions de novo . . . . " United States v. Boone, 458 F.3d 321, 326 (3d Cir. 2006). On a Brady claim, we review questions of law de novo but the District Court's conclusions of fact under a clearly erroneous standard. United States v. Perdomo, 929 F.2d 967, 969 (3d Cir. 1991).

## II.

As we write mainly for the parties, we only briefly recite the facts. Shabazz went to trial with Scott on numerous drug-related charges, including knowingly and

2

intentionally distributing cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(C), and 21 U.S.C. § 846.

The charges stemmed from an incident between a DEA confidential informant, Ronald Davis, and Shabazz.  On September 27, 2004, Davis was walking down Market Street in Philadelphia on his way to meet with Officer Marvin Young when he encountered Shabazz handing out flyers in front of the barber shop where Shabazz worked.  Shabazz asked Davis where he was going, and when Davis replied that he was going to purchase a quarter pound of crack cocaine, Shabazz stated that he could supply it to him.  This led to a Government investigation, and charges against Shabazz stemming from incidents which occurred on September 30, 2004, November 3, 2004, December 8, 2004, and April 28, 2005.  Scott was also charged with conduct based on the November 3, 2004, December 8, 2004, and the April 28, 2005 incidents as well as a separate drug and weapons charge arising from an incident that took place on February 16, 2006.  At the trial, Shabazz argued that the Government entrapped him into committing the crimes. The jury found him guilty of distributing cocaine and cocaine base.  He was acquitted of the conspiracy and weapons charges relating to the April 28, 2005 incident.

III.

A.

3

Shabazz first argues that he is entitled to a new trial because the District Court erred when it denied his motion to sever the charges relating to the February 16, 2005 incident where Scott, acting alone, sold crack cocaine.[2] Shabazz contends that this joinder was improper because he was not involved in the February 16, 2005 incident. We disagree.

Federal Rule of Criminal Procedure 8(b) provides:

> [t]he indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b).[3] In determining whether joinder was proper, we look to the indictment, and not to the evidence produced at the trial. United States v. Irizarry, 341 F.3d 273, 287 (3d Cir. 2003). The Government charged Scott and Shabazz with a drug conspiracy beginning in November 2004 and ending in April 2005. Appendix (App.) 66. The charges pertaining to Scott alone were related to this overall drug conspiracy, and thus were properly joined. Cf. United States v. Scott, 266 F. App'x 206, 208 (3d Cir. 2008) ("[I]t is beyond cavil that the drug and weapons charges stemming from Scott's

_____

[2]Scott's related claim of improper joinder has already been rejected by this Court. United States v. Scott, 266 F. App'x 206, 208 (3d Cir. 2008).

[3]Although Shabazz appears to argue that it was the joinder of counts that was in error, not the joinder of his co-defendant, "in a multi-defendant case . . . 'the tests for joinder of counts and defendants is merged in Rule 8(b).'" United States v. Irizarry, 341 F.3d 273, 287 (3d Cir. 2003) (citation omitted). See also Scott, 266 F. App'x at 208 (finding that while Scott focused on Rule 8(a), Rule 8(b) controlled).

4

February 2005 arrest for distribution of crack cocaine are of 'similar character' to the drug charges stemming from his activities with Shabazz.") (citation omitted).

Federal Rule of Criminal Procedure 14, however, provides that if the joinder of offenses or defendants in an indictment "appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). The defendant must prove prejudice under Rule 14. United States v. Gorecki, 813 F.2d 40, 42 (3d Cir. 1987). Shabazz contends that he was prejudiced because the evidence of the drug dealing on February 16, 2005 implied that he was involved in a "broader web of drug trafficking" with Scott and this undermined his defense of entrapment. Appellant Br. at 30. We disagree.

"There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993) (citation omitted). If joinder is proper under Rule 8(b), "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." United States v. Reyeros, 537 F.3d 270, 286 (3d Cir. 2008) (citation and quotation marks omitted). To succeed on this claim, Shabazz must show "'clear and substantial prejudice resulting in a manifestly unfair trial.'" United States v. Balter, 91 F.3d 427, 433 (3d Cir. 1996) (citations omitted).

Even assuming that the District Court abused its discretion in denying the motion to sever, we find that Shabazz's vague allegations of prejudice do not meet this standard. In addition, the District Court gave a limiting instruction as to how the jury should consider the charges with regard to each defendant, and emphasized that the charges should be considered with regard to each defendant individually.[4] This limiting instruction cured any potential prejudice that may have existed. Zafiro, 506 U.S. at 539 (limiting instructions "often will suffice to cure any risk of prejudice") (citation omitted). See also Scott, 266 F. App'x at 209. Therefore, we find that Shabazz is not entitled to a new trial on this issue.

B.

Next, Shabazz argues that he is entitled to a new trial because the District Court committed various errors in its jury instruction about entrapment, including failing to make it sufficiently clear that the Government bore the burden of proof. A defendant is entitled to an entrapment instruction, "however unreasonable the judge would consider a verdict in favor of the defendant to be, when the accused shows (1) evidence that the

---

[4]This instruction was: "So, you have to separately consider the evidence with respect to each defendant and with care, because it is important to each of the defendants. So, when you consider Mr. Shabazz's charges, you have to look at the charges as they relate to Mr. Shabazz. When you consider Mr. Scott's charges, you have to consider the charges as they relate to Mr. Scott." App. 752-53. The Court continued: "Now, the evidence may or may not overlap on particular charges, but each defendant is entitled to your best and most honest judgment on each of the ten charges that have been made." App. 753.

Government initiated the crime, regardless of the amount of pressure applied to the defendant, and (2) any evidence negating the defendant's propensity to commit the crime." United States v. Jannotti, 673 F.2d 578, 597 (3d Cir. 1982) (citation omitted). However, while entrapment is generally a jury question, "there may be instances. . . where the evidence is simply insufficient to submit the issue to the jury." Id. We find that any error in the jury charge was harmless error, as this is an instance where the evidence was insufficient to submit the entrapment issue to the jury.

Our decision in United States v. Armocida, 515 F.2d 49 (3d Cir. 1975), is illustrative. In Armocida, we found that even though the Government conceded that the jury charge contained error on which party had the burden of proof on the entrapment issue, the error was harmless because the defendant was not entitled to an entrapment charge in the first place. Id. at 55-56. Indeed, we explained that "by permitting defense counsel to argue the defense of entrapment to the jury and by charging the jury on entrapment . . . the trial judge gave [the defendant] more than he was entitled to." Id. at 56. See also United States v. Remoi, 404 F.3d 789, 792 (3d Cir. 2005) (finding it unnecessary to determine whether there was plain error in the given jury charge because the defendant was "simply not entitled to an instruction on the defense of entrapment").

Here, just as in Armocida, Shabazz was not entitled to a jury charge on entrapment, and any possible error in the jury charge was thus harmless. In an entrapment case, the defendant has the burden to show both inducement by the Government to

7

commit the crime as well as his own non-predisposition to commit the crime. United States v. Wright, 921 F.2d 42, 44 (3d Cir. 1990). In Wright, we explained that "inducement by law enforcement officials may take many forms, 'including persuasion, fraudulent representation, threats, coercive tactics, harassment, promises of reward or pleas based on need, sympathy or friendship . . . .'" Id. at 45 (citations omitted). However, we noted that "mere solicitation by the government, without more, is not 'inducement.'" Id. (citation omitted).

Here, there was no evidence of inducement. The Government informant testified that he encountered Shabazz, Shabazz asked him where he was going, and Shabazz volunteered to supply him with drugs after the informant stated that he was going to buy them. App. 148-49. This is not the type of conduct that rises to the level of inducement, or even to the level of "mere solicitation." Because Shabazz failed to show that the Government induced him to commit the crime, he was not entitled to a jury instruction on entrapment, and any errors contained in that instruction were harmless. Armocida, 515 F.2d at 55-56.[5]

_____

[5] We note that even if we were to go on to analyze the predisposition element of the defense, Shabazz failed to present evidence to rise to the level of showing that he was not predisposed to commit the crime. Though none are conclusive, certain factors guide this Court's determination as to predisposition, including "(1) the character or reputation of the defendant, including any criminal record; (2) whether the suggestion of criminal activity was initially made by the Government; (3) whether the defendant was engaged in the criminal activity for profit; (4) whether the defendant evidenced reluctance to commit the offense, overcome only by repeated Government inducement or persuasion; and (5) the nature of the inducement or persuasion supplied by the Government." Wright, 921

8

C.

Finally, Shabazz contends that a <u>Brady</u> violation occurred when the Government

failed to disclose the payment voucher history for its confidential informant, which would

have shown that he was not paid on September 27, 2004, the date of his first drug-related

encounter with Shabazz. Shabazz argues that this undermined his entrapment defense

because he could have used the payment voucher history of the informant to impeach the

credibility of the informant and the police officer with whom he worked.[6]

In <u>Brady v. Maryland</u>, the Supreme Court held that "the suppression by the

prosecution of evidence favorable to an accused . . . violates due process where the

evidence is material either to guilt or to punishment, irrespective of the good faith or bad

faith of the prosecution." 373 U.S. 83, 87 (1963). Evidence is material "if there is a

reasonable probability that, had the evidence been disclosed to the defense, the result of

---

F.2d at 45 (citation omitted). The Court has considered these factors in light of the facts of this case and has concluded that Shabazz did not establish that he was not predisposed to commit the crime.

[6]Although his argument on this point is a bit unclear, Shabazz also claims that there was a <u>Brady</u> violation because Shabazz believes the informant lied at the trial when he said that he was on his way to buy drugs for the DEA when he encountered Shabazz on September 27, 2004, and the Government failed to tell him that the informant was lying. This argument is without merit. We agree with the District Court, which found, in the context of Shabazz's claim in that Court that Davis perjured himself (a claim which he does not revisit on appeal), that while Ronald Davis's testimony may have been inconsistent with Officer Young's, the testimony may have been "the result of inconsistent memories or an innocent but erroneous recollection." App. 48 n.21. In addition, the District Court found, the inconsistency related to a "tangential matter" and there was "no likelihood" that "the outcome of [the] trial was affected by the conflicting testimony." <u>Id.</u>

9

the proceeding would have been different," and "[t]he reversal of a conviction is required upon a showing that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." Youngblood v. West Virginia, 547 U.S. 867, 870 (2006) (citations and quotation marks omitted).  In assessing a potential Brady violation, we take into account the potential effect of the missing evidence "in light of the totality of the circumstances and with an awareness of the difficulty of reconstructing" the way the proceedings would have been if the missing evidence had been included.  United States v. Bagley, 473 U.S. 667, 683 (1985).

We agree with the District Court that there was no Brady violation here.  Even if the vouchers had been disclosed, there has been no demonstration that they "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict."  See Youngblood, 547 U.S. at 870.[7]

## IV.

For the foregoing reasons, we affirm the judgment of the District Court.

---

[7]Shabazz also claims that he is entitled to a new trial because the District Court did not order the production of the payment voucher.  For the reasons given above, this argument is without merit.

10